IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EUGENE SCALIA, ) | |
| SECRETARY OF LABOR ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-1164 |
| ) | |
| SHAUN MARZETT, *et al.*, ) | |
| Defendant. ) | |

### ORDER

This action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") arises from the alleged failure of defendants Shaun Marzett and Mahan Consulting Group, LLC ("Mahan") to make required payments to a 401(k) Plan, health insurance carrier, and life insurance carrier for the benefit of defendants' employees. Plaintiff filed this lawsuit on September 6, 2019 against defendants Marzett, Mahan, Mahan Consulting Group 401(k) Plan, and Mahan Consulting Group Health and Welfare Plan.[1] After defendants failed to enter an appearance or respond in any fashion, plaintiff requested the Clerk's entry of default against defendants Marzett and Mahan on February 24, 2020. The Clerk entered default against defendants Marzett and Mahan on February 25, 2020.[2] That same day, plaintiff was directed to file a Motion for Default Judgment, and plaintiff's Motion for Default Judgment was referred to United States Magistrate Judge John F. Anderson for the preparation of Proposed Findings of Fact and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). On March 31,

---

[1] Plaintiff's Complaint states that the latter two defendants were named as defendants in this action "for the purpose of ensuring complete relief among the parties under Federal Rule[ ] of Civil Procedure 19." Complaint at ¶¶ 6, 7.

[2] Plaintiff did not seek entry of default against Mahan Consulting Group 401(k) Plan and Mahan Consulting Group Health and Welfare Plan, and the Clerk did not enter default against those two named defendants. *See* Plaintiff's Request for Entry of Default; Clerk's Entry of Default.

1

2020 plaintiff filed its Motion for Default Judgment. On June 19, 2020, Magistrate Judge Anderson entered Proposed Findings of Fact and Recommendations, recommending that default judgment be entered against defendants Marzett and Mahan and in favor of plaintiff Eugene Scalia, the Secretary of Labor.

Upon consideration of the record and Magistrate Judge Anderson's Proposed Findings of Fact and Recommendations, to which no objections have been filed, and having found no clear error,[3]

The Court **ADOPTS**, as its own, the findings of fact and recommendations of the United States Magistrate Judge, as set forth in the Proposed Findings of Fact and Recommendations (Dkt. 43).

Accordingly,

It is hereby **ORDERED** that plaintiff's motion for default judgment (Dkt. 30) is **GRANTED**.

It is further **ORDERED** that judgment is **ENTERED** by default in favor of plaintiff and against defendants Shaun Marzett and the Mahan Consulting Group, jointly and severally, in the following respects:

> 1. Defendants Shaun Marzett ("Marzett") and Mahan Consulting Group, LLC ("Mahan"), are jointly and severally liable to restore $21,880.90 to the Mahan Consulting Group 401(k) Plan and the Mahan Consulting Group Health and Welfare Plan (collectively, the "Plans") as restitution,[4] and shall further restore $2,320.00 to those Plans for the costs and expenses of employing AMI Benefit Plan Administrators,

---

[3] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (noting that in the absence of any objections to a magistrate's report, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

[4] The restitution amount of $21,880.90 consists of $6,443.80 in unremitted employee contributions to the 401(k) plan, $2,542.71 in unremitted employer contributions to the 401(k) Plan, $1,385.71 in interest, and $11,508.68 in losses to participants in the Health and Welfare Plan.

Inc. ("AMI"), the Court-appointed independent fiduciary.

2.  Marzett and Mahan shall restore a total amount of $24,200.90, as provided in Paragraph 1, to the Plan through the Court-appointed independent fiduciary, AMI, located at 100 Terra Bella Drive, Youngstown, Ohio 44505.

3.  Mahan is removed as the administrator of the Plans.

4.  Marzett is removed as the fiduciary of the Plans.

5.  Marzett is permanently enjoined, commencing on the date of entry of Judgment on the Court's docket, from serving as or assuming any duties as a trustee, fiduciary, or administrator in any manner or capacity for any employee welfare benefit plan or employee pension benefit plan, as defined under ERISA or any rule, regulation, or interpretive guidance issued by the Department of Labor under ERISA.

6.  AMI (the "Independent Fiduciary") is appointed as the independent fiduciary of the Plans with plenary authority over the Plans' administration, management and disposition of the Plans' assets, including termination of the Plans. The Independent Fiduciary shall be compensated for the performance of its duties in an amount not to exceed $2,320.00 consistent with the Independent Fiduciary's March 19, 2020 bid. The Independent Fiduciary's compensation shall be paid from the Plan's current assets but Marzett and Mahan are required to restore this amount to the Plans under Paragraph 1 and Paragraph 2 above.

7.  The Independent Fiduciary shall collect, marshal, and administer all of the Plans' assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plans. The Independent Fiduciary shall take such further actions with respect to the Plans as may be appropriate.

8.  The Independent Fiduciary shall have all the powers to do the things that are necessary and appropriate to administer and terminate the Plans.

9.  The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent Fiduciary shall consider the best interests of participants and beneficiaries of the Plans, and the resources expected to be available to the Plans. The Independent Fiduciary shall not be bound by any current or historic procedures or policies of the Plans that conflict with any duties of a trustee, fiduciary, or administrator under ERISA.

10. The Independent Fiduciary is empowered to require all custodians or record keepers of the Plans to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored, that are reasonably necessary to perform the duties of the Independent Fiduciary under the Judgment.

11. The Independent Fiduciary is empowered to give instructions to asset

custodians respecting the disposition of assets of the Plans held by them.

12. The Independent Fiduciary shall distribute or cause the distribution of the assets of the Plans in accordance with applicable plan instruments and federal law.

13. Marzett, Mahan, and their agents, representatives, servants and employees and all persons acting by or under any of their authority shall cooperate with the Independent Fiduciary in the performance of its duties. Marzett and Mahan shall provide their full cooperation to the Independent Fiduciary relative to any need for participant or financial data that may exist with regard to any record of the Plans.

14. This Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of the Judgment.

The Clerk is **DIRECTED** to enter judgment pursuant to Rule 58, Fed. R. Civ. P., against defendant Shaun Marzett and defendant Mahan Consulting Group, LLC, jointly and severally. Judgment should be entered against defendants Marzett and Mahan Consulting Group, LLC in the total amount of $24,200.90, which consists of (i) $21,880.90 for restitution to the Mahan Consulting Group 401(k) Plan and the Mahan Consulting Group Health and Welfare Plan and (ii) $2,320.00 for the costs associated with the appointment of an independent fiduciary for the Mahan Consulting Group 401(k) Plan and the Mahan Consulting Group Health and Welfare Plan.

The Clerk is further **DIRECTED** to place this matter among the ended causes.[5]

The Clerk is further **DIRECTED** to provide a copy of this Order to all counsel of record and to defendants at the address(es) listed in the case file.

Alexandria, Virginia
July 29, 2020

/s/
T. S. Ellis, III
United States District Judge

---

[5] Plaintiff has represented that the remaining defendants—Mahan Consulting Group 401(k) Plan and Mahan Consulting Group Health and Welfare Plan—were named as a defendants under Rule 19, Fed. R. Civ. P. only to ensure that complete relief could be obtained for the Plans. Accordingly, it is clear that this Order and the accompanying Rule 58 Judgment resolve this case in its entirety.

4